IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | § |
| | § |
| | § CASE NUMBER 6:20-CR-00058-JDK |
| v. | § |
| | § |
| | § |
| **DARRELL LENARD BATES,** | § |
| | § |

**REPORT & RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On July 29, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Darrell Lenard Bates. The government was represented by Alan Jackson, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jason Parrish.

Defendant originally pled guilty to the offense of Failure to Register as a Sex Offender, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on total offense level of 16 and criminal history category of II, was 24 to 30 months. On July 27, 2022, U.S. District Judge Jeremy Kernodle of the Eastern District of Texas sentenced Defendant to 30 months imprisonment followed by 5 years of supervised release subject to the standard conditions of release, plus special conditions to include Sex Offender Registration, financial disclosure to verify income, mental health treatment and medication, sex offender treatment and testing, submit to polygraph testing, submit to psycho-physiological assessments and/or testing; restricted contact with minors, restricted from sexually

1

explicit material, and sex offender search requirement. On August 14, 2023, Defendant completed his period of imprisonment and began service of the supervision term.

Subsequently, a petition was filed alleging that Defendant had failed to participate in a sex offender participation program and submit to periodic psycho-physiological assessments and testing. Rather than proceeding to a final resolution of this petition, on February 21, 2024, Defendant's conditions were modified to remove participation in a sex offender participation program and submission to periodic psycho-physiological assessments and testing and polygraph testing was modified to be done to ensure compliance with requirements of supervision conditions. (Doc. No. 137.) This modification was effectuated because Defendant refused to participate in sex offender treatment and counseling resulting in a waste of time and resources that could be better utilized on other supervised release offenders. In light of this modification, the petition was withdrawn. (Doc. No. 140.)

Under the original terms of supervised release, Defendant was required to participate in a sex offender treatment program and to submit to periodic psycho-physiological assessments and/or testing. Under the modified terms of supervised release, Defendant was required to (1) follow the instructions of the probation officer related to the conditions of supervision, (2) submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that Defendant is in compliance with the requirements of supervision,[1] (3) not possess or view any images in an form of media or in any live venue that depicts sexually explicit conduct and (4) answer truthfully the questions asked by the probation officer. In its petition, the government alleges that Defendant violated his conditions of supervised release as follows: (1) when he discharged unsuccessfully from sex offender treatment on December 26, 2023 for refusal to participate in supervision and

---

[1] Defendant was also required to submit to periodic polygraph testing as part of his original conditions of supervised release.

2

treatment requirements, (2) refusing to submit to required polygraph testing as instructed in December 2023, (3) on June 12, 2024, an inspection of Mr. Bates' personal smartphone revealed a history of online access of five different pornographic websites in approximately 159 difference instances between May 20, 2024 and June 11, 2024 where he accessed and viewed online videos and sex chat lines, and (4) by failing to respond truthfully to questions by the probation officer regarding any viewing or accessing sexually explicit content on or after May 20, 2024.

If the court finds by a preponderance of the evidence that Defendant violated any of the the conditions of supervised release referenced above, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the court may revoke the term of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of II, the Guideline imprisonment range for a Grade C violation is 4 to 10 months. U.S.S.G. § 7B1.4(a).

At the hearing, Defendant contested the alleged violations of supervised release as outlined in the government's petition. In response, the government submitted a video of Defendant Bates's recent Google searches for sexually explicit content. *See* Government's Ex. 1. The government also submitted the Sex Offender Intake Assessment from Defendant Bates's Sex Offender Treatment Provider, John C. Motley. Gov. Ex. 2. Mr. Motley's assessment indicates Defendant Bates's strongly held belief that he was illegally convicted by the federal government for the offense of Failure to Register. *Id.* The assessment also indicates that Defendant Bates refused to answer questions or provided only vague answers when in treatment. *Id.* Mr. Motley concludes that Defendant Bates should not be attending a qualified sex offender treatment because "[w]e are wasting time and resources at this point." *Id.* at 02007. The government has submitted the probation officer's written reprimand signed by Defendant Bates on October 23, 2023 for failing

3

to comply with sex offender treatment as well as Defendant's admission for failing to comply with the sex offender program in which he states that he is maintaining his innocence. Gov. Exs. 3, 4.

The government has submitted Defendant's discharge from counseling services with County Rehabilitation Center, Inc. on November 20, 2023, which indicates that he has no interest in counseling because he is "hyper focused on proving he is innocent of his sex crimes and has no interest in talking about anything else." Gov. Ex. 5. The government also submits the unsuccessful discharge summary from Mr. Motley, Defendant's licensed sex offender treatment provider. Gov. Ex. 6. Again, this letter indicates that Defendant Bates believes that he was falsely convicted of Failure to Register, that he is trying to re-litigate his claims, and repeatedly noted only these things during sessions. *Id.* The discharge also states that he failed his Instant Offense polygraph and refused to take a second polygraph. *Id.*

The government also submitted the notes of probation officer Ashley McKinney, which corroborates Defendant Bates's failed polygraph, refusal to participate in the sex offender treatment program, and unsuccessful discharge. Gov. Ex. 7. The notes indicate that On March 8, 2024, Defendant Bates took a maintenance polygraph test that was inconclusive. *Id.* at 7004. The notes also indicate that Defendant Bates failed a polygraph test on April 27, 2024 and June 6, 2024, where he denied contact with a minor, denied traveling outside of the Eastern District of Texas without permission, and denied viewing sexually explicit material. *Id.* at 07004–07005.

Lastly, the government submitted a search report for Defendant Bates's smartphone and a list of his search history. Gov. Exs. 8, 9. The search report details that Defendant Bates viewed sites offering sexually explicit material 161 times between May 20, 2024 and June 11, 2024. *Id.*

Defendant did not testify or present any evidence at the hearing.

4

As to the allegation that Defendant failed to participate in a sex offender treatment program and to submit to periodic psycho-physiological assessments and/or testing, the court finds that it would be inappropriate for that condition to serve as a basis to revoke Defendant's supervised release because Defendant's conduct in this regard was previously addressed by modifying the conditions to eliminate this requirement. Having considered the testimony and exhibits introduced at the hearing as well as the entire file in this matter, however, the court finds by a preponderance of the evidence that Defendant violated the remaining conditions referenced above. Defendant has not refuted in any way Government's Exhibit 7 showing Defendant refused to take a polygraph in December 2023. Ex. 7, at 07003. As to the allegations pertaining to pornographic websites, U.S. Probation Officer Alan Elmore testified that Defendant retrieved his phone from his car and willingly handed the phone to Mr. Elmore when asked to do so. Mr. Elmore testified that Exhibit 1 is a video showing Defendant's phone and multiple pornographic sites in the Google search history. Also on the video are web searches pertaining specifically to Defendant showing that Defendant is in fact searching websites on that phone. Exhibits 8 and 9 contain written summaries setting forth the pornographic websites accessed on the phone and the number of times these sites were accessed. Exhibit 8 is Mr. Elmore's report of the search of Defendant's phone. His report shows that Defendant denied accessing the websites found on his phone. Ex. 8, at 08002. At the hearing, Defendant did not provide a credible response contradicting the allegations that he accessed pornographic websites and failed to respond truthfully when asked whether he had viewed these websites.

The court therefore **RECOMMENDS** that (1) Defendant Darrell Bates has violated his conditions of supervised release by committing the Grade C violations referenced above, (2) his

supervised release be revoked and (3) he be sentenced to ten months imprisonment with five years of supervised release to follow.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 30th day of July, 2024.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE