IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § § § | CASE NO. 6:20-CR-00058-JDK |
| DARRELL LENARD BATES (1) | § § | |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On June 26, 2025, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Alan Jackson. At his initial appearance, Defendant declined the appointment of counsel and chose to represent himself.[1] At the final revocation hearing, Defendant requested the appointment of counsel. The Court qualified Defendant for appointed counsel and appointed Bobby Mims to represent Defendant. Defendant stated that he wanted to proceed with the final revocation hearing and did not wish to delay the proceedings.

*Background*

After pleading guilty to the offense of Failure to Register as a Sex Offender, a Class C felony, Defendant Darrell Lenard Bates was sentenced on July 27, 2022 by United States District Judge Jeremy D. Kernodle. The offense carried a statutory maximum imprisonment term of not more than 10 years. The guideline imprisonment range, based on a total offense level of 16 and a criminal history category of II, was 24 to 30 months. The Court sentenced Defendant to imprisonment for a term of 30 months, followed by a 5-year term of supervised release subject to

---

[1] Defendant stated a clear desire to represent himself in these proceedings at his initial appearance on June 3, 2025. The Court conducted a *Faretta* examination and permitted Defendant to represent himself.

the standard conditions of release, plus special conditions to include Sex Offender Registration, financial disclosure to verify income, mental health treatment and medication, sex offender treatment and testing, restrictions on contact with minors, restrictions on sexually explicit material, and a sex offender search requirement.  On August 14, 2023, Defendant completed his term of imprisonment and started serving his term of supervised release.

On January 29, 2024, the probation officer filed a petition seeking the revocation of Defendant's supervised release.  Judge Kernodle modified Defendant's conditions of supervised release on February 21, 2024, pursuant to an agreed request for modification, to remove the condition requiring participation in sex offender treatment and testing and to add a condition to submit to periodic polygraph testing to ensure compliance with the remaining conditions.   As a result of the modification, the Court granted a motion to withdraw the petition seeking revocation on March 12, 2024.

Following the filing of a subsequent petition seeking the revocation of Defendant's supervised release, and a contested hearing on the petition, the Court revoked Defendant's supervised release on August 27, 2024.  The Court sentenced Defendant to imprisonment for a term of 10 months followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include Sex Offender Registration, financial disclosure to verify income, mental health treatment and medication, submission to polygraph testing, restrictions on contact with minors, restrictions on sexually explicit material, computer and internet restrictions, computer monitoring requirements, financial disclosure to verify computer monitoring, a 180-day placement in a residential reentry center (pre-release component, if no approved residence), and sex offender search requirement.  Defendant completed his term of imprisonment and started serving his second term of supervised release on April 24, 2025.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on May 28, 2025, Senior United States Probation Officer Ashley McKinney alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (standard condition #13): The defendant must follow the instructions of the probation officer related to the conditions of supervision.** It is alleged that Defendant was released to supervision for his second term of supervised release on April 24, 2025. Upon release, he reported to the U.S. Probation Office on April 25, 2025, and refused to complete the initial intake documentation required for supervision as instructed by the U.S. Probation Office. It is additionally alleged that Defendant reported to the U.S. Probation Office on April 28, 2025, and again refused to complete the documentation required for supervision as instructed.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[2] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by failing to follow the directions of the probation officer as alleged in the petition, he is guilty of a

---

[2] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was II. The guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 4 to 10 months.

### *Hearing*

On June 26, 2025, Defendant appeared for a final revocation hearing. The Government requested that the Court take judicial notice of the testimony and evidence presented at the preliminary hearing held on June 6, 2025. At that hearing, Senior Probation Officer Ashley McKinney testified that Defendant refused to participate in his initial intake interview upon release from imprisonment and refused to complete the required documentation on April 25, 2025 and again on April 28, 2025.

Defendant called one witness to testify—Felecia Marshall. Ms. Marshall stated that she has been in a relationship with Defendant for seven years. She does not believe Defendant is a danger to anyone. She also stated that Defendant does not believe he should have been on supervised release because he does not believe the basis for the underlying conviction is valid.

Counsel then provided argument. Mr. Jackson asserted that Defendant quickly started violating his supervised release when he was initially released from prison in 2023. In an effort to give Defendant the best opportunity to succeed on supervised release, Mr. Jackson stated that the terms were modified on February 21, 2024. Nevertheless, Defendant violated his conditions again and his supervision was revoked on August 27, 2024. When Defendant was released on April 24, 2025 and started his second term of supervised release, he again immediately violated his terms of supervised release. Mr. Jackson argued that Defendant should be sentenced to imprisonment for ten months with no further term of supervised release because Defendant has shown a consistent inability to comply with the terms of supervised release.

In response, Mr. Mims argued that Defendant has a good faith belief that he should not have been on supervised release to begin with because he does not believe that he had a duty to register as a sex offender. In effect, Defendant asserts that he was wrongly convicted of Failure to Register as a Sex Offender. As a result, Mr. Mims requested a sentence at the bottom of the guideline range.

### *Findings and Conclusions*

Defendant did not dispute that he refused to complete the initial intake documentation as instructed by the probation officer, which is a violation of the standard conditions of Defendant's supervised release. Instead, Defendant focused on the validity of his underlying conviction. The Fifth Circuit Court of Appeals affirmed Defendant's conviction and sentence on July 14, 2023. *United States v. Bates*, 2023 WL 4542313 (5th Cir. 2023). Moreover, a revocation proceeding is not the proper forum to contest the original conviction and sentence. *United States v. Bates*, 2025 WL 1649280 (5th Cir. 2025) (citing *United States v. Willis*, 563 F.3d 168, 170 (5th Cir. 2009)).

I find that Defendant violated his conditions of supervised release by refusing to complete documentation required for supervision on April 25, 2025 and April 28, 2025. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 10 months with no further term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### **RECOMMENDATION**

In light of the foregoing, it is recommended that that the Court find that Defendant violated his conditions of supervised release and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term

of 10 months with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 10 months with no further supervised release.

So ORDERED and SIGNED this 26th day of June, 2025.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE